UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES R. WILLIAMS, | ) | CASE NO. 3:08 CV 1629 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| PAM NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 8, 2008, pro se plaintiff Charles R. Williams filed the above-captioned action under 42 U.S.C. § 1983 against Allen Correctional Institution ("ACI") Health Care Administrator Pam Neal, "Williams," ACI Corrections Officer Sanders, ACI Physician Amin, ACI Physician Patricio, "Parker,""Factor,"and John/Jane Doe. In the complaint, plaintiff alleges he did not receive prompt medical attention for a problem he was having with his back. He seeks monetary damages.

**Background**

Mr. Williams's complaint is devoid of factual allegations. He attaches several grievance forms to his pleading from which some of the information supporting his legal assertions has been gleaned. He states that he awoke on the morning of August 7, 2007 with severe back pain. He was able to move around with great difficulty, but retired soon after to his bed. He requested

that his cell mate summon help. His cell mate did ask several times for the medical department to be called. He was told that there was a medical emergency in the infirmary and someone would be with him as soon as possible. An appointment with the doctor was scheduled for the following day. When help did not arrive, Mr. Williams sent several other inmates to request that the medical department be called. No one from the medical department came that day to assist.

Officer Sanders was summoned by Mr. Williams, who again requested that the medical department be called. Officer Williams used profanity and indicated that they were attending to a medical emergency. Mr. Williams contends that his comments constituted verbal abuse.

Mr. Williams was seen by a physician the following day. He was given a prescription for Ultram which provided him with some relief. He was transported on August 9, 2007 to the Corrections Medical Center for an MRI. The testing did not reveal the source of the pain.

The complaint contains claims for violations of the Eighth and Fourteenth Amendments. He contends that the John/Jane Doe from the medical department who did not respond to his calls for assistance was deliberately indifferent to his serious medical needs. He claims that Ms. Neal's refusal to reveal the name of John/Jane Doe impeded the grievance process and denied him due process. He contends that defendant Williams failed to ensure that all inmates residing in Housing Unit six received "adequate preventative medical testing, due to 'mold' exposure in that housing unit, constituting deliberate indifference, a violation of the Eighth Amendment of the United States." (Compl. at 4.) He asserts that Officer Sanders's comment violated the Eighth Amendment. He claims Dr. Amin and Dr. Patriccio refused to prescribe

2

adequate medication for his medical needs in violation of the Eighth Amendment. He states only that Parker engaged in "wilful and wanton disregard to personal health and safety." (Compl. at 6.) Finally, he claims that Factor did not discontinue the use of "cubed hub vans" to transport prisoners. (Compl. at 6.) He seeks compensatory and punitive damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, there are no facts in the complaint or the attached grievances which shed light on Mr. Williams's legal claims against defendants Williams, Parker, or Factor. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Mr. Williams asserts a claim for denial of due process against Ms. Neal because she

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

failed to provide him with the identity of the individual who delayed his or her response to his request for medical assistance. He contends that this impeded his use of the grievance process. The court notes that Mr. Williams attached the grievances he filed at all of the required administrative levels. None of the grievances was dismissed as untimely or for failure to identify the individuals responsible for making the decision. In fact, the grievance officers were able to investigate his allegations and suggest to Mr. Williams that steps were being taken to assure that these delays will not occur in the future.

To prevail on a procedural due process claim, the plaintiff must plead and prove either that he was deprived of a liberty or property interest as a result of an established state procedure that itself violates due process rights; or that the defendants deprived him of a liberty or property interest pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). As the first step in any due process inquiry, Mr. Williams must show that the defendant deprived him of a protected liberty or property interest. Mr. Williams does not identify a liberty or property interest of which he has been deprived. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993). Absent a constitutionally protected liberty or property interest, an individual has no abstract due process right to have the procedure followed to the letter. Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Moreover, the injury asserted was de minimis as it clearly did not affect Mr. William's ability to pursue that grievance. The Due Process Clause does apply to such deprivations. Fuentes v. Shevin, 407 U.S.

4

67 (1972); <u>Sniadach v. Family Finance Corp.</u>, 395 U.S. 337 (1969).

Mr. Williams also asserts Eighth Amendment claims against the defendants. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). The Supreme Court in <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. <u>Id.</u>. Seriousness is measured in response to "contemporary standards of decency." <u>Hudson v. McMilian</u>, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. <u>Id.</u> Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. <u>Id.</u> at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. <u>Id.</u> A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Mr. Williams's claims against Dr. Amin, Dr. Patricio, and Officer Sanders fail to meet both of these requirements. Where prison officials show deliberate indifference to serious medical needs of prisoners, such conduct amounts to cruel and unusual punishment under the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Mere negligence in diagnosing or treating a medical condition, however, does not state a valid Eighth Amendment claim. <u>Id.</u> "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Id.</u> Moreover, where a prisoner has received some medical attention and the dispute is

5

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Mr. Williams claims that the physicians would not prescribe the medications he wanted for his condition. There are no facts alleged in the instant complaint to explain that statement. The brief description provided by the grievance suggests that Mr. Williams wanted a long term prescription for the narcotic pain medication, Ultram. The physicians gave him short term prescriptions as needed. Such disagreements on the recommended treatment do not reasonably suggest the sort of "unnecessary and wanton infliction of pain" necessary to give rise to a valid Eighth Amendment claim. Estelle, 429 U.S. at 105.

His claim against Officer Sanders is similarly subject to dismissal. He claims the Officer was verbally abusive and made offensive comments. Verbal harassment and offensive comments are generally not cognizable as constitutional deprivations. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).

## Conclusion

Accordingly, plaintiff's claims against defendant Williams, Officer Sanders, Dr. Amin, Dr. Patricio, Parker, and Factor are dismissed pursuant to 28 U.S.C. §1915(e). His claim for relief under the Fourteenth Amendment is also dismissed. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against John and/or Jane Doe and Ms. Neal on plaintiff's Eighth Amendment claims.

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants**.**

IT IS SO ORDERED.

S/ JAMES G. CARR<br>
CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT